# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUANITA MOODY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | No. 10-825 |

## MEMORANDUM ON SOCIAL SECURITY APPEAL

**Baylson, J.**  November 30, 2011

Claimant, Juanita Moody ("Moody") seeks judicial review of the decision by the Commissioner of the Social Security Administration ("the Commissioner") denying her application for Social Security Disability Insurance Benefits ("SSDI") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33, 1381-83(f). After careful consideration of all the relevant facts and circumstances, and for the reasons explained below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands the case to the Commissioner for further proceedings consistent with this opinion.

### I. Background and Procedural History

Moody is an African-American woman born in 1973. (Tr. 110.) She has an 8th grade education and has worked in the past as a certified nurse assistant. (Tr. 34, 141-43, 154.) On February 27, 2008, Moody applied for SSDI and SSI benefits, alleging that she suffers from a combination of physical and mental impairments and became disabled on February 15, 2008.

(Tr. 7.)

Specifically, Moody asserts that she is obese and suffers from chronic respiratory problems, significant podiatric problems, a reduced range of motion in various joints, and reduced visual acuity, among other things. (Tr. 10, 207-31, 294-95, 298-99, 393.) Mentally, Moody claims to suffer from bipolar disorder, major depressive disorder, psychosis, schizoaffective disorder, post-traumatic stress disorder (PTSD), anxiety disorder, and personality disorder. (Tr. 232-92, 307-68, 40-18.) She has been hospitalized multiple times since March 2007 for psychiatric problems, including attempted suicide. (Tr. 232-68, 362-68, 408-18.)

The state agency denied Moody's application initially and on reconsideration. (Tr. 62-80.) At Moody's request, a hearing was held on June 3, 2009 before ALJ Judith A. Showalter regarding Moody's application for benefits. At the hearing, Moody was represented by counsel and testified on her own behalf. A vocational expert (VE) also testified. (Tr. 27-61.)

On August 20, 2009, the ALJ denied Moody's application for benefits, finding that Moody was not disabled within the meaning of the Act. (Tr. 7-25.) In her written decision, the ALJ found that Moody had the following severe impairments: severe bipolar disorder with psychosis; major depressive disorder, recurrent; schizoaffective disorder; and PTSD. (Tr. 9.) The ALJ concluded, however, that Moody's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. (Tr. 10.) Finally, the ALJ determined that Moody's residual functional capacity ("RFC") permitted her to perform a limited range of medium exertional work, and that although she could not perform her past relevant work, she could perform other jobs available in significant numbers in the national economy. (Tr. 12, 23.) Thus, the ALJ found that Moody was not "disabled" under the Act. (Tr. 24.)

Moody timely filed a request for review of the ALJ's decision, which the Appeals Council denied. (Tr. 1-3.) Moody subsequently filed the instant action, requesting review of the Commissioner's decision. (ECF No. 1.) On March 16, 2011, she moved for summary judgment, and on April 14, 2011, the government responded and cross-moved for summary judgment. (ECF Nos. 9, 11.) Moody replied on April 28, 2011 (ECF No. 13.)

## II. Legal Standards

### A. Jurisdiction

The Social Security Act provides for judicial review by this Court of any "final decision of the Commissioner of Social Security" in a disability proceeding. 42 U.S.C. §§ 405(g), 1383(c)(3). A district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id.

### B. Standard of Review

On judicial review of the Commissioner's decision, the Commissioner's findings of fact, "if supported by substantial evidence," are conclusive. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 633 (3d Cir. 2010) (internal quotation marks omitted). In reviewing the record for substantial evidence, however, the Court must "not weigh the evidence or substitute [its own] conclusions for those of the fact finder." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted).

This Court's review of the legal standards applied by the ALJ is plenary. See Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir. 2005).

## C. Disability Claims Analysis

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner of the Social Security Administration has promulgated regulations requiring a five-step sequential analysis to determine the eligibility of claimants for benefits. First, if the claimant is engaged in substantial gainful activity, the claim is denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if the claimant is not suffering from a severe impairment or combination of impairments that significantly limits physical or mental ability to do basic work activities, the claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is suffering from severe impairments that meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claim is approved. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the claim is not approved under Step 3, the claim will be denied if the claimant retains the RFC to meet the physical and mental demands of her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). Finally, if the claimant does not retain the RFC to perform past relevant work and there is no other work in the national economy that the claimant can perform (considering her RFC, age, education, and past relevant work experience), the claim is approved. 20 C.F.R. §§ 404.1520(g), 416.920(g).

## III. Moody's Contentions

Moody challenges the ALJ's decision on multiple grounds. First, Moody claims that the ALJ's ruling that she does not meet the requirements of Listing 12.04C is erroneous in light of

the ALJ's own factual findings, including, most importantly, the finding that Moody suffered three episodes of extended decompensation between February 2008 and February 2009. (Tr. 11.) Next, Moody contends that, in light of medical records reflecting four hospitalizations in twelve months for extended periods of decompensation, the ALJ either (a) erred insofar as she rendered a finding that Moody had experienced only three episodes of extended decompensation in twelve months, or (b) erred insofar as she failed to conclude that four episodes of extended decompensation constituted "a degree of limitation that is incompatible with the ability to do any gainful activity," POMS DI 24505.25C.4. Finally, Moody raises a number of other claims, including that the ALJ failed to properly consider the VE's testimony, failed to accord appropriate weight to the opinions of Moody's treating physicians, and failed to conduct a legally adequate credibility analysis of Moody's testimony.

## IV.  Discussion

### A.  Moody's Qualifications for Listing 12.04C

Moody first argues that the ALJ's factual findings, as rendered in her written decision, are inconsistent with a legal conclusion that Moody failed to meet the requirements for Listing 12.04C. That Listing provides, in relevant part, that a claimant is eligible for benefits if she has (1) a "medically documented history of a chronic affective disorder of at least 2 years' duration," where that disorder (2) "has caused more than a minimal limitation of ability to do basic work activities," and (3) the "symptoms or signs [are] currently attenuated by medication or psychosocial support," but (4) the claimant still experiences "repeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04C.

The Court now examines each of these requirements in turn. An affective disorder, as

defined for purposes of Listing 12.04C, is "characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." Id. Here, the ALJ found that Moody suffered from bipolar disorder with psychosis, major depressive disorder recurrent, and schizoaffective disorder, among other things. (Tr. 9.) She also found that Moody had been diagnosed with and hospitalized for her affective disorders and depressive syndrome at least as early as March 2007 (Tr. 14), and that Moody had been hospitalized multiple times for these disorders during a period of at least 2 years' duration, including a hospitalization in April 2009 (Tr. 20). These findings are supported by substantial evidence in the record, including detailed hospital records (see, e.g., Tr. 232-68, 362-68, 408-18), and they are sufficient to satisfy the first requirement of Listing 12.04C.

Turning to the second requirement, the ALJ found that Moody's affective disorders and depressive syndrome were "severe impairments." (Tr. 9). This finding, too, is supported by substantial evidence, including evidence that Moody has attempted suicide multiple times, spends about three days per week sleeping and crying, and experiences auditory and visual hallucinations. (See, e.g., Tr. 54-57, 252-68). Because a "severe impairment" is one that, by definition, involves "more than a minimal effect" on the ability to do basic work activities, see 20 C.F.R. §§ 404.1521, 416.921, the ALJ necessarily found that Moody's condition satisfies the second requirement of Listing 12.04C.

The third requirement of the Listing, that Moody's symptoms be "currently attenuated by medication or psychosocial support," is satisfied by the ALJ's finding that Moody's compliance with the medications and therapy provided to her was improving her symptoms. (Tr. 23.) That finding is supported by Moody's own testimony as well as myriad hospital and doctor's

assessments.  (See, e.g., 55-56, 365, 368.)

Finally, the Court turns to the Listing requirement that claimant must have suffered "repeated episodes of decompensation, each of extended duration," which, as defined by Agency regulations, means "three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks."  20 C.F.R. Pt. 404, Subpt. P, Ap. 1 § 12.00C4.  The ALJ apparently rejected Moody's eligibility for benefits pursuant to Listing 12.04C for failure to meet this requirement.  (Tr. 11.)

Moody accurately asserts that not two paragraphs before the ALJ concluded that Moody did not meet the Listing requirement regarding episodes of extended decompensation, the ALJ stated that Moody had "experienced three episodes of decompensation, each of extended duration . . . occurr[ing] approximately February 2008, March 2008, and February 2009."  (Tr. 11.)

The Court is at a loss to reconcile this facial inconsistency in the opinion.  For this reason alone, remand is required to permit the ALJ to clarify her factual findings and to apply the regulations accordingly.  The record is not sufficiently clear for the Court to determine at this time which of the ALJ's conflicting findings (one that Moody had experienced repeated episodes of extended decompensation, and one that she had not) was intended by the ALJ to be dispositive.  While the record unambiguously demonstrates that Moody experienced three episodes of decompensation within a one year period, the record is not as clear regarding the length of each episode.  On remand, the Appeals Council or ALJ should reconsider the record and take additional evidence as necessary to enter a finding about whether Moody's episodes of decompensation lasted for two weeks or more.

### B. Moody's Ability to Perform Gainful Activity Under POMS DI 24505.25C.4

Moody also argues that she is entitled to benefits pursuant to POMS DI 24505.25C.4, which provides that four or more episodes of extended decompensation within one year is "incompatible with the ability to do any gainful activity." Id.; see also 20 C.F.R. §§ 404.1525(a), 416.925(a) (defining a Listing-level impairment as one that is severe enough to prevent the performance of any gainful activity).

As already noted above, the ALJ arguably entered a finding that Moody experienced three episodes of extended decompensation, one in February 2008, one in March 2008, and one in February 2009. (Tr. 11.) Moody points out that the record also documents a lengthy hospitalization for psychiatric issues in December 2008, which, according to Moody, constituted a fourth episode of extended decompensation within the one-year period beginning in February 2008. (Tr. 366-68). ALJ Showalter did not enter a finding regarding whether this December 2008 hospitalization qualified as a fourth episode of extended decompensation, nor did she otherwise mention this hospitalization in her decision. Accordingly, remand is appropriate to provide the Appeals Council or ALJ with the opportunity to determine in the first instance whether this December 2008 hospitalization—or any other combination of the psychiatric hospitalizations reflected in the record—qualify Moody for benefits pursuant to 20 C.F.R. §§ 404.1525(a), 416.925(a) and POMS DI 24505.25C.4.

### C. Moody's Other Claims

Because Moody's first and second claims entitle her to vacatur and remand of the ALJ's decision, the Court need not reach the merits of Moody's other arguments at this time and intimates no views regarding their possible validity. Nevertheless, the Court's Order of today is

issued without prejudice to Moody's ability to raise those claims on remand for reconsideration by the ALJ and in any related proceedings before the Appeals Council and this court.

**V.     Conclusion**

For the foregoing reasons, Moody's Motion for Summary Judgment is DENIED insofar as it seeks judgment as a matter of law and GRANTED insofar as it seeks vacatur and remand. The August 20, 2009 decision of the ALJ is VACATED and the case is REMANDED, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

The government's Cross-Motion for Summary Judgment is DENIED.

An appropriate Order follows.

A:\Moody v. Astrue, 10-825 - Memo SS Appeal.wpd